S04Y1521. IN THE MATTER OF STEPHEN ERIC REDD.

(597 SE2d 363)

PER CURIAM.

This disciplinary matter is before the Court pursuant to the Report and Recommendation of a special master who was appointed following the filing of a Formal Complaint by the State Bar. The Formal Complaint alleged, and the special master found, that Redd violated subsections (a) and (b) of Rule 1.15 (II) of the Rules of Professional Conduct which are found in Bar Rule 4-102 (d). The maximum sanction for a single violation of Rule 1.15 (II) is disbarment.

The State Bar filed a Formal Complaint against Redd, who has been a member of the Bar since 1997. Despite having been personally served with the Formal Complaint, Redd failed to respond and the following facts were deemed admitted by the special master pursuant to Bar Rule 4-212 (a): In the last half of 2002, Redd wrote four checks of varying amounts on his escrow account; the bank refused to honor three of those checks on the grounds that the escrow account had insufficient funds to cover the checks; a fourth check was honored although it left Redd's escrow account overdrawn; and on one occasion, Redd deposited significant personal funds into his escrow account to cover one of the dishonored checks.

A return of service dated January 7, 2004, shows that Redd was personally served with Notice of Finding Probable Cause, the Formal Complaint, the Petition for Appointment of a Special Master and the Order appointing David J. Turner, Jr., as special master, but Redd did not respond in any way. Accordingly, acting at the request of the State Bar and pursuant to Bar Rule 4-212 (a), the special master deemed admitted (by default) the facts alleged and violations charged in the Formal Complaint.

Considering those facts, we agree with the special master who found that Redd knowingly violated Rule 1.15 (II) (a) and (b) of Bar Rule 4-102 (d) and that his clients sustained injury or potential injury as a result of Redd's violation of his duty to them. Thus, although we find no other aggravating or mitigating circumstances, we find that the facts in this case support the imposition of a significant sanction for the violations shown herein. Accordingly, it hereby is ordered that

Redd be disbarred from the practice of law in Georgia. He is reminded of his duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED JUNE 7, 2004 —
RECONSIDERATION DENIED JUNE 28, 2004.

*William P. Smith III, General Counsel State Bar, K. Gene Chapman, Assistant General Counsel State Bar*, for State Bar of Georgia.